John E. Bloom, et al. * v. Commissioner. Bloom v. Commissioner
Docket Nos. 57344-57347.
United States Tax Court
T.C. Memo 1956-49; 1956 Tax Ct. Memo LEXIS 248; 15 T.C.M. (CCH) 210; T.C.M. (RIA) 56049; February 29, 1956
*248 Thomas E. Tyre, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for 1946 as follows: Docket
No.
Petitioner
Amount
57346
Florence B. Bigelow
$36,699.88
57347
William C. Bloom
37,181.32
57344
John E. Bloom
16,119.93
57345
Betty Watson Bloom
15,163.12
The only error assigned in the petitions is the Commissioner's determination that the receipt of money in 1946 by reason of a Court judgment of treble damages under section 4 of the Clayton Act arising out of a conspiracy by the petitioners' competitors, resulted in ordinary income. Findings of Fact Florence B. Bigelow and William C. Bloom filed their individual income tax returns for 1946 with the collector of internal revenue for the first district of Illinois at Chicago, Illinois. John E. Bloom and Betty Watson Bloom, husband and wife, filed their income tax returns for 1946 on a community property basis with the collector of internal revenue for the district of Oklahoma, at Oklahoma City, Oklahoma. John E. Bloom, Florence B. Bigelow and William C. Bloom, together with Marion B. Koerber, were equal *249 members of a partnership which owned and operated a moving picture theatre in Chicago, Illinois. The partners brought suit on July 28, 1942 in the U.S. District Court at Chicago, Illinois, under the U.S. anti-trust laws for an injunction and the recovery of treble damages. The complainants alleged that the defendants, including distributors of moving picture films who owned or controlled moving picture theatres in Chicago, had entered into a conspiracy which continued for some time prior to November 1, 1936 to the date the suit was filed; that pursuant to the conspiracy film was distributed among moving picture theatres in the Chicago district in such a manner that theatres owned by some of the conspirators were enabled to secure and show feature pictures in advance of independent exhibitors, such as the partners, to the damage of the latter. The jury returned a verdict of $120,000 on March 10, 1944 in favor of the partners for loss of profits, and on March 14, 1944 the trial court entered a judgment for $360,000 and costs, pursuant to section 4 of the Clayton Act, (15 U.S.C.A. Sec. 15). Successive appeals left the judgment undisturbed and in 1946 the judgment, *250 interest and costs were paid to the partners. The petitioners reported in 1946 their respective proportionate shares of the $120,000 awarded by the jury for loss of profits. They did not include in their taxable income for 1946 anything representing the remaining two-thirds of the judgment (less undisputed attorney's fees and other adjustments) because they constituted punitive or penal damages. The Commissioner determined that the latter amount constituted ordinary income. Opinion MURDOCK, Judge: The Commissioner filed a Motion for Judgment on the Pleadings and accompanied it with supporting memorandum of authorities on January 3, 1956. The parties were served with the motion and memorandum under date of January 5, 1956 and advised that hearing would be held on the motion on February 8, 1956 in Washington. The case was called at that time and no one appearing on behalf of the petitioners the case was ordered submitted. It is abundantly clear that the case presents only a legal issue - viz., the taxability of punitive damages - which has been decided adversely to the petitioners by the Supreme Court of the United States in Commissioner v. Glenshaw Glass Co. and Commissioner v. William Goldman Theatres, Inc., 348 U.S. 426. *251 Decisions will be entered for the respondent on authority of those cases. Decisions will be entered for the respondent. Footnotes
*. Proceedings of the following petitioners are consolidated herewith: John E. Bloom, Docket No. 57344; Betty Watson Bloom, Docket No. 57345; Florence B. Bigelow, Docket No. 57346; and William C. Bloom, Docket No. 57347.↩